954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ward David COBLE, Defendant-Appellant.
 No. 91-30035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 12, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The primary issue in this case is the admissibility of firearm evidence discovered during a protective sweep pursuant to the execution of a valid search warrant. The appellant also challenges the district court's decision to allow testimony to be read to the jury during deliberations and the prosecutor's decision to prosecute in federal court rather than state court.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review this timely appeal under 28 U.S.C. § 1291.
 
 
 4
 The firearm evidence was admissible under the plain view doctrine. While making an in-home arrest pursuant to a valid arrest warrant, the police are permitted to make a limited protective sweep to ensure their safety if specific articulable facts are the basis for a reasonable belief that the area swept harbors an individual posing a danger to the officers or others. Maryland v. Buie, 494 U.S. 325, 327 (1990). The police may, without probable cause or reasonable suspicion, look in closets and other spaces from which an attack could immediately be launched. Id. at 334. Such searches are permitted while executing a valid search warrant as well as an arrest warrant. In the instant case, the initial entry into Coble's house was justified by the valid search warrant. The police did have specific articulable facts to support a reasonable belief that the area searched harbored a dangerous individual. Based on the officers' testimony that, in the past, they had found persons hiding in insulation and under couch cushions, we find that searching between the mattress and boxsprings falls within the appropriate scope of the sweep. The firearm evidence was admissible under the plain view doctrine. See id. at 330; Arizona v. Hicks, 480 U.S. 321, 326 (1987).
 
 
 5
 The district court judge did not abuse his discretion when he allowed the entire testimony of Detective Losh to be read to the jury in open court upon the jury's request. The jury was properly cautioned against giving undue emphasis to the testimony. See United States v. Portac, Inc., 869 F.2d 1288, 1295 (9th Cir.), cert. denied, 111 S.Ct. 129 (1990). We find no error.
 
 
 6
 Because Coble did not raise at trial his claim that his right to procedural due process was violated when the firearm charge was referred to federal authorities for prosecution, we review only for plain error. A state prosecution does not bar a subsequent federal prosecution of the same defendant for the same acts. United States v. Wheeler, 435 U.S. 313, 317 (1978); Abbate v. United States, 359 U.S. 187, 194-95 (1959). Due process is not violated by the decision to prosecute a defendant under a federal statute, absent a showing that the decision was based upon an improper prosecutorial motive. See United States v. Goodwin, 457 U.S. 368, 380-81 (1982); Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Coble violated a federal statute. His due process rights were not violated by the decision to prosecute him under that statute.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3